### 60470. INGRAM v. THE STATE.

SMITH, Judge.

Leonard Ingram appeals his conviction of burglary contending that the state failed to prove beyond a reasonable doubt, "that the thief entered the motel room 'without authority.' " We affirm.

The state presented evidence at trial showing that at approximately 8:00 a.m. on December 20, 1976, the night manager of the Candlelight Motel was alerted by an electronic alarm system that the color television set in room 49 had been disconnected. No one was registered there or occupying the room, so the manager ran out to the drive where he saw a wood-trimmed station wagon leaving the parking area of room 49 "driving pretty fast." The door to room 49,

which had been locked when the manager checked it at 2:30 a.m., was standing open and the television set had been "ripped off" the stand. A 12-year-old boy who was staying in an adjacent room testified that at about 8:15 that morning he was outside room 49 when a black male, whom he identified at trial as appellant, "brought a TV out of the room," put it in the back of a station wagon, waved at him and his sister and drove off. The younger sister corroborated this. Police shortly thereafter apprehended appellant in a station wagon matching the description given by these witnesses. A color television set bearing the same serial number as that taken from room 49 was in the back seat. A pry bar and wire cutters were found in the front seat.

Appellant testified that on December 20, 1976, while he was breakfasting at Gus's Cafeteria about 8:00 a.m., an unknown black male offered to sell him a color television set for $35, directing appellant to pick it up at room 49 of the Candlelight Motel where the man lived. Appellant waited outside the room for 15 minutes or so, then told the man to bring the TV set to the Piggly Wiggly, where appellant wished to purchase some food for his interrupted breakfast. When the man arrived appellant paid him $35 and took the television set. The stranger was driving a light blue MG. No witness reported seeing the other man nor the other automobile.

Appellant contends that the state's evidence failed to prove that the thief entered the motel room "without authority," an essential element of the offense of burglary as defined by Criminal Code § 26-1601 (Ga. L. 1968, pp. 1249, 1287, in effect when the offense occurred). This argument is without merit. Appellant testified that he had never entered room 49. However, witnesses for the prosecution swore that appellant came out of room 49, carrying the television set. Appellant's entry of the room was therefore a question of weighing the credibility of the witnesses, which is solely the province of the jury. *Turner v. State,* 151 Ga. App. 169 (259 SE2d 171) (1979). "[The] evidence authorized the jury to find that the appellant entered [room 49] without authority and with the intention to commit a theft. [Cits.]" *Thomas v. State,* 146 Ga. App. 530 (2) (246 SE2d 514) (1978).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 3, 1980 — DECIDED NOVEMBER 19, 1980.

*James C. Bonner, Jr.,* for appellant.
*William J. Smith, District Attorney,* for appellee.