## 61980. GARARD et al. v. THE STATE.

DEEN, Presiding Judge.

Johnny Garard and Ramon Johnson appeal from their convictions of entering the automobile of another with intent to steal.

1. Appellants enumerate as error the failure of the trial court to grant their Brady motions which requested any statements made to police officers. The trial court conducted a hearing on the motions on April 10, 1980, and held that there was nothing favorable or exculpatory in the state's file. At trial on April 23 and 24, 1980, following the defendants' testimony, the state offered as rebuttal the testimony of a police officer of an oral statement given by Johnson which was intended to impeach his credibility as a witness. Johnson testified that he and Garard drove from Alma to his home in Waycross where they changed cars and then drove to the point where the police apprehended them. Garard's testimony was identical. In the statement, Johnson claimed that he drove straight from Alma to Waycross to the place where he was apprehended.

Code Ann. § 27-1302, effective April 1, 1980, provides: "(a) The defendant shall be entitled to have a copy of any statement at least 10 days prior to the trial of the case given him while in police custody. The defendant may make this request, in writing within any reasonable period of time prior to trial. (b) If the defendant's statement is oral or partially oral, the prosecution shall furnish in writing all relevant and material portions of the defendant's statement. (c) *Failure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal.*" (Emphasis supplied.) Thus, it was error for the trial court

to fail to require the state to provide the statement to the defendant Garard and it should not have been allowed into evidence during rebuttal. *Garner v. State,* 159 Ga. App. 244 (1981).

2. As this case must be retried and the remaining enumerations are evidentiary, it is not necessary to rule upon them at this time.

*Judgment reversed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 23, 1981.

*John Thigpen, E. Kontz Bennett, Jr.,* for appellants.

*C. Deen Strickland, District Attorney, W. Fletcher Sams, Assistant District Attorney,* for appellee.