### 63883. WILLIAMS v. THE STATE.

DEEN, Presiding Judge.

The appellant was indicted on three counts of uttering a forged check, convicted on Count 3, and acquitted on Counts 1 and 2. The state's evidence conclusively established that the owner's checkbook had been stolen and the checks in question had his signature forged on them. The three checks were offered at different times at a local grocery store, accepted, and cashed, in the amounts of $70, $92 and $150 respectively. A fourth forged check of the same series in the amount of $95 was also tendered. Appellant contends the verdicts on the various counts are repugnant, that the evidence is insufficient, and that the fourth check should not have been offered in evidence.

1. The verdicts are not repugnant. It is obvious from a perusal of the evidence that the person tending the store at the time the three checks were cashed was somewhat hesitant in her description of the defendant as the person cashing them. As to Count 3, however, her testimony was bolstered by the firm identification of the store owner who had been summoned and who followed the defendant and another person from the store until their arrest. "The determinative factor in such cases is whether the acquittal of one charge necessarily includes a finding against a fact that is essential to conviction for the other charge." *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973). That a witness is somewhat hesitant of an identification on one occasion is not contradictory to a firm identification upon another, or an identification bolstered by that of a second eyewitness. There is also additional evidence on the part of the owner admitted without objection that the defendant pending these proceedings approached him with an offer of reimbursement if he would drop the charges. The evidence was ample to convince the jury as rational triers of fact beyond a reasonable doubt of the guilt of the accused.

2. Appellant objected to jury instructions that "your verdict in Count One does not necessarily have to be the same as that of Count Two . . . or Three . . . Your verdict in either instance does not necessarily depend upon your verdict in the other instance." The possession of each check and uttering it with requisite fraudulent intent is a separate offense. *Patterson v. Caldwell,* 229 Ga. 321, 322 (191 SE2d 43) (1972).

3. A group of checks numbered consecutively 320 through 325 was stolen from the owner during a burglary. Between April 24 and April 26 four of these were presented and three cashed at the victim's grocery store. At least two people were involved. The defendant was identified as being present on all four occasions. The motion for mistrial on the ground that the state impermissibly introduced evidence of other crimes was properly denied. *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980).

4. On cross-examination the state's attorney inquired of the defendant whether he had had something to drink "before you came in here today," upon which the following colloquy occurred: "A. You mean, before I came in the courtroom? Q. This afternoon. A. A few minutes or something? Q. No, sir, before we started the trial. A. I drunk a beer you know around about 11:00 today. Q. You drank a beer? A. Yeah, well — you don't drink?" A motion for mistrial was made and denied. We find no reversible error. The state was entitled to a thorough and sifting cross-examination, and certainly the defendant's state of mind as influenced by consumption of alcohol

might be inquired into, as material to the trial procedure. "[T]he scope of cross examination is largely within the discretion of the trial judge and will not be controlled by this court except for abuse of discretion." *Mitchell v. State,* 236 Ga. 251·(3) (223 SE2d 650) (1976).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 29, 1982.

*Ivan H. Nathan,* for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.

*Judgment affirmed. Sognier and Pope, JJ., concur.*