## 64080. REED v. THE STATE.

DEEN, Presiding Judge.

1. This is an appeal from a conviction for selling an ounce of marijuana. The motion to dismiss on the ground that the notice of appeal was filed more than 30 days after the judgment of conviction is without merit, since the intervening time was tolled by the motion for new trial, the judgment denying which was filed 29 days prior to the filing of the notice of appeal. Code § 6-803.

2. The state brought out in cross-examination its contentions (a) that the defendant spontaneously stated to the agent who purchased the marijuana from him, "I never saw you before," and (b) that he denied being in the State of Georgia on the date when he was first accused of having sold the drug (a date the defendant on the trial of the case testified was first presented as March 18, and later changed to March 28).

As to these statements, both made after the arrest in the presence of police officers, the agent, and the assistant district attorney, plaintiff urges error because his demand for discovery under Code Ann. § 27-1302 had not been complied with. The demand entitled him to a written statement of "all relevant and material portions" of any statement made by him while in police custody. Although the state admits that the statements were made either when the defendant was awakened and arrested while in bed or shortly thereafter while handcuffed and on the way to the station to be booked, and that they were not reduced to writing nor given the defendant as required, it is contended that this does not amount to a "custodial statement" so as to come under the codal provisions. We disagree. The provision refers to any statement while in police custody. We have held that if the missing statement is patently harmless, even though it is an in-custody statement, the case will not be reversed. *Williams v. State,* 159 Ga. App. 508, 509 (284 SE2d 27) (1981). *Tanner v. State,* 160 Ga. App. 266, 267 (287 SE2d 268) (1981)

refers to an incriminating oral statement made to the police. The same language is used in *Johnson v. State,* 159 Ga. App. 819, 824 (285 SE2d 252) (1981) with the summary that the state is precluded from using unreported oral declarations of the defendant: "The obvious intent of the codal provisions is to preclude the State from ignoring the discovery rights of an accused and provides a penalty if the State ignores its responsibility." *Meminger v. State,* 160 Ga. App. 509, 511 (287 SE2d 296) (1981) refers simply to pretrial statements, pointing out that they are not reversible if harmless but that the burden is on the state to show this fact. *Garner v. State,* 159 Ga. App. 244, 245 (282 SE2d 909) (1981) reiterates that the defendant is entitled to a copy of *any* statement made by him while in police custody. We also note that this opinion has been modified by *Tanner v. State,* 160 Ga. App. 266, supra, to the extent that upon a retrial the statements may be used if the statute has then been complied with; otherwise not. From all of the above it is concluded that the section refers to discovery rights and it is always error to fail to give counsel on proper demand a written summary of all relevant and material statements made by him while in custody. The requirement will not be narrowed to the extent urged by the state. In fact, *Shy v. State,* 234 Ga. 816, 818 (218 SE2d 599) (1975) which discusses the difference between Terry-type detentions (Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)) and Miranda custody requirements (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)) clearly holds that statements useful to the state's prosecution vouchsafed by the defendant *after arrest* are in-custody statements. The statements offered here are not such incriminating admissions as trigger Miranda warnings, but they are indeed in-custody statements a written copy of which the defendant is entitled to if the state intends to use them either as incriminatory admissions during its case in chief or for purposes of impeachment by means of contradictory statements, as occurred here during the cross-examination.

Since we are unable to say with reasonable certainty that no harm resulted from the state's failure to obey the statutory requirements of Code § 27-1302 we must reverse.

3. The defendant contends that the assistant district attorney prosecuting the case offered testimony under the guise of cross-examination and that this constitutes reversible error. The district attorney did not take the stand, but he was in fact present during the arrest of the defendant and accompanied him to the police station thereafter. Questions directed to Reed on cross-examination were framed in some instances to include matters represented by the examiner as occurring in his presence. The mere fact that the questioner was present at the occasion he inquired about does not in

and of itself constitute error, or charge him with the onus of direct testimony. Cf. *Williams v. State,* 162 Ga. App. 213 (4) (290 SE2d 551) (1982).

4. During the course of the trial the court allowed testimony that the defendant had approached an assistant district attorney in the hall with the words: "Why are you all going after this little ounce I had" (or "that you say I had"), adding, "You know that 25 pounds you all got — I can get you much more than that," This was taken as an offer to procure some third party to secure a large quantity of the drug for sale and to "to set him up" for police action. The defendant ·objects on the ground that it was an offer of compromise. That it may have been such does not affect its admissibility, since the proscription of propositions made with a view to compromise (see Code § 38-408) refers to civil, not criminal cases. *Moore v. State,* 230 Ga. 839 (199 SE2d 243) (1973).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 7, 1982.

*Michael D. Hurtt,* for appellant.

*Stephen A. Williams, District Attorney, Marcus R. Morris, Assistant District Attorney,* for appellee.

POPE, Judge, concurring.

Defendant Reed filed a motion for discovery under Code Ann. §§ 27-1302 and 27-1303. The trial court on June 3, 1981 ordered the State to give the defendant any statements, oral or written, made by him while in the custody of law enforcement authorities.

On June 23, 1981 the defendant filed a motion for continuance on the ground that the state had failed to serve on the defendant certain written scientific reports within 10 days prior to trial of the case and requested the case be continued to the next term of court. The court granted the continuance to July 20, 1981.

On cross-examination and on rebuttal the state used statements made by the defendant over proper objection by the defense counsel. I concur fully with Presiding Judge Deen that such evidence should have been excluded. A second continuance, in my opinion would not have been a suitable remedy.