PATTERSON, Judge.
Appellant, Tyrone Chillous, was convicted of the offense of criminal possession of a forged instrument in the first degree, Code of Alabama (1975), § 13A-9-5, and sentenced as a habitual offender to a term of fifteen years' imprisonment.
I
The degree and penalty progressions of the offense of criminal possession of a forged instrument are based upon the same factors as those of the forgery offenses, namely the kinds of instruments forged as specified in the forgery statutes, §§ 13A-9-2 through 13A-9-4. Griffin v. State, 428 So.2d 213 (Ala.Crim.App.1983). The evidence presented in the instant case showed that the forged instrument uttered or possessed by Chillous was a Social Security check drawn upon the United States Treasury, which had been fraudulently indorsed. Upon this evidence, Chillous was erroneously indicted and convicted of the offense of criminal possession of forgery in the first degree. This holding is supported by our opinion in Griffin v. State, 428 So.2d 213 (1983) wherein Presiding Judge Bowen stated the following in regard to a State of Alabama income tax refund check, at 214:
“Forgery in the first degree and criminal possession of a forged instrument in the first degree involve instruments which include, among others, falsely made, completed or altered instruments which are ‘(p)art 0f an issue or series of stamps, securities or other valuable instruments issued by a government or governmental agency.’ Alabama Code Section 13A-9-2 (1975). A ‘check’ is specifically made the subject of forgery in the second degree. Alabama Code Section 13A-9-3 (1975). Consequently, the crime of possession of a forged check constitutes criminal possession of a forged instrument in the second degree. Alabama Code Section 13A-9-6 (1975).
“The commentary to Section 13A-9-4 also makes it clear that the forgery of a single check constitutes forgery in the second degree.
“ ‘Alabama’s present classification of forgery, though clarified, is substantially followed. Section 13A-9-2, the first degree forgery section, pertains to forgeries that “impair public trust and confidence in governmental or corporate financial issues” (as opposed to single writings). The integrity of these issues is important in maintaining the confidence of persons in government financing, and thus to this conduct is assigned the more serious sanction .... If the forgery is of a single financial paper, it would be covered by Section 13A-9-3 as second degree forgery, to which a lesser sanction is affixed because of the lesser potential harm.’ ”
See also Carter v. State, 420 So.2d 292 (Ala.Crim.App.1982) (wherein this court held that a conviction for the federal offense of unlawful uttering and publishing a forged indorsement on the back of a check drawn upon the- Treasury of the United States was properly used for the enhancement of punishment under the Habitual Felony Offender Act, since the conduct is equivalent, under Alabama law, to criminal possession of a forged instrument in the second degree). Upon this error, Chillous’s conviction is due to be reversed.
II
Chillous further contends that the trial court erroneously considered five prior *909 felony convictions in applying the Habitual Felony Offender Act in sentencing him to fifteen years’ imprisonment. He asserts that three 1981 convictions in the Montgomery County Circuit Court for criminal possession of a forged instrument and one 1981 conviction in the Autauga County Circuit Court for possession of a forged instrument, upon which concurrent sentences were invoked, arose out of a single transaction and, therefore, should have been treated as one offense. The allegation that the forged instruments for which Chillous was convicted of possessing were stolen at the same time from a particular business is not supported by the record before us. Nonetheless, this argument has been repeatedly decided adversely to Chillous’s position. Richmond v. State, 437 So.2d 612 (Ala. Crim.App.1983); Chambers v. State, 418 So.2d 948 (Ala.Crim.App.1982); Seritt v. State, 401 So.2d 248 (Ala.Crim.App.), cert. denied, 401 So.2d 251 (Ala.1981); Watson v. State, 392 So.2d 1274 (Ala.Crim.App. 1980), cert. denied, 392 So.2d 1280 (Ala.1981). Even though the forged instruments in question might have been stolen at the same time, possession of each stolen check is a separate offense. See Logan v. United States, 123 F. 291 (6th Cir.1903); Williams v. State, 162 Ga.App. 213, 290 S.E.2d 551 (1982); 37 C.J.S. Forgery § 78 (1943). The trial court properly considered each of these four convictions arising out of a common event or occurrence as constituting separate felony convictions. Seritt, supra.
Chillous also contends that his 1974 convictions for burglary and grand larceny were erroneously considered in enhancement of his punishment. He bases this assertion on the fact that these two offenses were committed by Chillous when he was seventeen years old and on the theory that, if the conduct constituting these two felony convictions had occurred on or after January 1, 1980, the conduct would have constituted juvenile offenses rather than felony offenses. We need not consider the merits of this argument for even if these two convictions were erroneously considered, the other four convictions were available for consideration in sentencing Chillous as a habitual offender. Smith v. State, 401 So.2d 251 (Ala.Crim.App.), cert. denied, 401 So.2d 257 (Ala.1981); Watson, supra.
The judgment of conviction is reversed and the cause remanded to the Montgomery County Circuit Court.
REVERSED AND REMANDED.