### 69352. BAUGHMAN v. THE STATE.
(326 SE2d 800)

CARLEY, Judge.

Appellant was convicted of one count of burglary. He appeals.

1. Appellant enumerates as error the denial of his motion for a directed verdict. He contends that there was no evidence of an unauthorized entry into the premises of another.

Construed in the light most favorable to the verdict, there was evidence that the manager of the burglarized premises arrived at work one morning and discovered that certain specified items were missing. The manager testified that he and investigating police officers located a door to the business through which forced entry might have been gained. However, he also testified that a key to the premises had been lost some time prior to the crime. There was also evidence that appellant's brother-in-law had found the lost key and had used it to enter the business. Appellant's brother-in-law admitted that he "did break into the place" and steal the specified items, although he contended that appellant was not with him at the time.

Appellant's brother, who was also involved in the incident, testified that appellant participated in the crime, that appellant entered the building and removed certain items, and that appellant received some of the money and a pistol which were taken during the theft. Appellant subsequently sold the pistol to a third party. This evidence was sufficient to support the jury's finding beyond a reasonable doubt that appellant made an unauthorized entry into the premises of another with the intent to commit a theft therein. See *Ingram v. State*, 156 Ga. App. 506, 507 (274 SE2d 844) (1980); *Thomas v. State*, 146 Ga. App. 530 (2) (246 SE2d 514) (1978); *Brown v. State*, 159 Ga. App. 439 (283 SE2d 668) (1981); *Wells v. State*, 151 Ga. App. 416 (1) (260 SE2d 374) (1979), overruled on other grounds, *Copeland v. State*, 160 Ga. App. 786, 789 (12) (287 SE2d 120) (1981). Compare *Ealey v. State*, 139 Ga. App. 110 (227 SE2d 902) (1976).

2. It appears that at a preliminary hearing on the charge against appellant, the rule of sequestration was invoked. The manager of the burglarized premises was the first witness at that hearing, and after he testified he was permitted over objection to remain in the courtroom. At the subsequent trial of the case, the manager was again the first witness called by the State, and appellant sought to have his testimony excluded on the ground that he had intentionally and wilfully violated the rule of sequestration at the prior hearing. The overruling of appellant's objection to the manager's trial testimony is enumerated as error.

We note at the outset that the magistrate at the preliminary hearing did not abuse his discretion in permitting the manager to remain in the courtroom after he had testified. See *Stevens v. State*, 247 Ga. 698, 702 (6) (278 SE2d 398) (1981). Moreover, even if there had been an actual violation of the rule of sequestration at the preliminary hearing and that violation could even be raised at the subsequent trial, the trial court's decision to permit the witness to testify was not erroneous. "In criminal cases, the violation of the rule of sequestration by *any* witness either for the defense or for the prosecution goes to the credibility rather than to the admissibility of the witness' testimony. [Cits.]" *Blanchard v. State*, 247 Ga. 415, 417 (276 SE2d 593) (1981). See also *Graves v. State*, 167 Ga. App. 246, 250 (10) (305 SE2d 913) (1983).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 1, 1985.

*Daniel J. Craig*, for appellant.
*Sam B. Sibley, Jr., District Attorney*, for appellee.