## A90A1574. DAVIS v. THE STATE.
(401 SE2d 581)

SOGNIER, Chief Judge.

Dwight Davis was convicted of theft by receiving stolen property, and he appeals.

1. We agree with appellant that the trial court erred by admitting in violation of OCGA § 17-7-210 (c) the testimony of Detective R. L. Lindsey regarding an oral statement appellant had made to the detective. The record reveals that appellant made a timely written request for a copy of any custodial statements he had made. It is uncontroverted that the statement in issue here was not furnished to appellant in compliance with the statute. At trial appellant testified that he had thought the property in issue, a tractor, scraper, and welder, belonged to an acquaintance named Larry. He stated that he allowed Larry to leave the tractor at the property of appellant's mother in exchange for appellant's use of it to clear the property, and that while appellant was using it the tractor became stuck and could not be removed. In rebuttal Lindsey testified that appellant had made an oral in custody statement in which appellant told Lindsey that he (appellant) gave Larry the welder in exchange for Larry's help in attempting to free the tractor. Appellant properly objected to the introduction of the statement.

OCGA § 17-7-210 (c) provides that "[f]ailure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief *or in rebuttal.*" (Emphasis supplied.) Contrary to the State's argument, Lindsey's testimony was not admissible for impeachment purposes. See *Garard v. State*, 159 Ga. App. 248 (1) (283 SE2d 27) (1981).

2. The admission of a defendant's statement in violation of OCGA § 17-7-210 (c) does not require reversal unless it is highly probable that the error contributed to the verdict. See *Wallin v. State*, 248 Ga. 29, 32 (5) (279 SE2d 687) (1981). The evidence at trial established that the tractor, with attached scraper, and a welder were stolen on August 27, 1989, and that the only key to the tractor was not taken. The tractor with the scraper still attached was recovered with a disabled battery at the home of appellant's mother. The tractor wiring had been cut and several witnesses testified the cut wires indicated that the tractor had been "straight wired," so as to start the

tractor without the use of a key. Appellant's mother testified she saw her son driving the tractor (with the other equipment) the afternoon of August 27, followed in a car by a man whose name she later learned was Larry. She testified that appellant was clearing debris in her backyard when the tractor became stuck. Efforts by appellant, appellant's brother, and Larry failed to free the tractor. Two men, but not her son, returned later and tried to dislodge the tractor with a tow truck but were unable to do so. The two men left, apparently taking the welder with them.

Appellant testified he was walking to a neighborhood store on August 27 when he met Larry and another man at an intersection a few blocks from his mother's house. His testimony was that the men had been driving a truck on which the tractor, scraper, and welder were loaded. The truck had broken down, and he helped the men push it out of the intersection. He testified he then made a deal with the two men for the use of the tractor to clear his mother's yard in exchange for $35 or $45 and storage of the tractor at his mother's home until the truck was repaired. He testified the key was inside the tractor when he drove it to his mother's house, and that he was operating the tractor when it became stuck. He stated he turned the tractor off with the key, then went inside to get his brother to help him free the tractor. When they returned appellant discovered he had dropped the key, apparently in the yard, but a search by flashlight failed to reveal it. He stated that Larry tried to hot wire the tractor and managed to start it, but the engine then died and they were not able to restart the engine. He testified that Larry became upset with him for getting the tractor stuck. Two days later appellant returned to his mother's home and found the welder missing. He denied giving the welder to Larry as any sort of payment or telling Detective Lindsey that he had given Larry the welder in exchange for help.

Our review of this evidence persuades us that the challenged oral statement by appellant was incriminatory or inculpatory, since the statement amounted to an admission that appellant so controlled the property that he was in a position to give it to another. Therefore, we find no merit in the State's argument that the challenged statement did not fall within the ambit of OCGA § 17-7-210. Compare *Furlow v. State*, 172 Ga. App. 185, 186 (2) (322 SE2d 317) (1984). We also disagree with the State's argument that admission of the challenged statement was harmless. "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control or lending on the security of the property." OCGA § 16-8-7 (a). First, we cannot agree with the State that it presented overwhelming evidence

from which it may be inferred that appellant knew or should have known that the tractor was stolen (i.e., evidence regarding the key to the tractor and the ways the tractor could be operated without a key). Second, the challenged statement had a direct impact on appellant's sole defense to the charged crime, i.e., that he believed the property belonged to Larry and that he was in possession or control over the stolen property only because he was innocently leasing it from Larry. The challenged statement directly contradicted appellant's trial testimony that he thought the property belonged to Larry. Hence, we are unable to say with reasonable certainty that no harm resulted from the State's failure to obey the statutory requirements of OCGA § 17-7-210, and accordingly, we must reverse. See *Ludy v. State*, 177 Ga. App. 767, 768 (341 SE2d 224) (1986). Compare *Wallin*, supra (improperly admitted statement by defendant to sheriff that he owned car in which the stolen property was found was consistent with defendant's testimony that he had purchased the property from another); *Dickey v. State*, 179 Ga. App. 383, 385 (1) (346 SE2d 864) (1986) (harmless error in admitting appellant's statement claiming innocent involvement in another's armed robbery where appellant was identified by victim, chased and apprehended by police who arrived during commission of crime, and found with victim's belongings on his person).

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 24, 1991.

*Donna L. Avans*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Carl P. Greenberg*, Assistant District Attorneys, for appellee.