A92A1033. BRADFORD v. THE STATE.
(422 SE2d 74)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of armed robbery and possession of a firearm during the commission of a felony. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

In his sole enumeration, appellant urges that "[t]he trial court erred in failing to review the State's file prior to trial for any exculpatory evidence requested by [his] *Brady* motion after the State did not produce exculpatory evidence."

The record shows that appellant filed only a general *Brady* motion. "[A] trial court is not required to conduct an in camera inspection of the [S]tate's file in connection with a 'general' *Brady* motion unless, after the [S]tate has made its response to the motion, the defense makes a request for such an inspection. [Cits.]" *Tribble v. State*, 248 Ga. 274, 275 (1) (280 SE2d 352) (1981). Appellant did not request an in camera inspection. Indeed, the record shows that appellant declined the trial court's offer to conduct a pre-trial in camera inspection.

Moreover, nothing in the record suggests a *Brady* violation. Appellant urges that the State failed to disclose a statement which had been given to officers by an accomplice who testified for the State. However, the record shows that appellant was fully aware of the existence of this statement and cross-examined the accomplice about its contents. Accordingly, either the statement had been disclosed to appellant by the State before the accomplice testified or appellant was otherwise aware of the existence of the accomplice's statement. In ei-

ther event, there would be no violation of *Brady. Brady* does not require a *pre-trial* disclosure of material (*Brantley v. State*, 199 Ga. App. 623, 624 (2) (405 SE2d 533) (1991)) and applies only "to exculpatory material *unknown* to the defendant. [Cit.]" (Emphasis supplied.) *Gilreath v. State*, 247 Ga. 814, 827 (6) (279 SE2d 650) (1981).

After the trial, the trial court did conduct an in camera inspection and entered an order finding that no exculpatory material had been found in the State's file. On appeal, appellant makes no contention that, contrary to the trial court's finding, the State's file does contain exculpatory material. Accordingly, we will not assume the burden of reviewing the State's file. *Byrd v. State*, 171 Ga. App. 344, 345 (3) (319 SE2d 460) (1984).

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Howard J. Stiller,* for appellant.
*Britt R. Priddy, District Attorney,* for appellee.

