A94A1096. JENKINS v. THE STATE.
(451 SE2d 457)

POPE, Chief Judge.

Defendant Willie Dexter Jenkins was convicted by a jury of armed robbery and aggravated assault. He appeals following the denial of his motion and amended motion for new trial.

Construed so as to support the verdict, the evidence adduced at trial shows the following: On March 14, 1992 defendant entered Skinny's convenience store in Fulton County. The cashier, Cynthia Kennedy, testified that defendant immediately walked behind the counter upon entering the store. Kennedy informed defendant he was not allowed behind the counter and defendant ordered her to open the register and give him money. Kennedy opened the register, and defendant reached inside and removed money with his left hand while holding a knife in his right hand. Kennedy testified defendant had the knife in her face and when she attempted to shove it away he grabbed her head and placed the knife against her forehead. Allen Chandler, another clerk at Skinny's, testified he was also in the store at the time of the robbery. Chandler testified that when he realized a robbery was in progress, he drew his pistol and that he then saw the knife in defendant's hand, which he described as being about eight or ten inches long. Chandler testified defendant was holding the knife in a dagger position and he saw defendant stab at Kennedy with the knife. Chandler fired at the defendant, striking him in the right torso area. Chandler testified that as soon as he fired, he ran around the end of the counter to assist Kennedy, who was struggling with the defendant. Defendant threatened to kill Kennedy if Chandler fired at him again. Defendant kicked the pistol out of Chandler's hand, and rushed past him, striking out at him with the knife and grazing Chandler's forehead with the butt of the knife. Defendant and Chandler

collided as defendant rushed past Chandler and Chandler fell down two steps, breaking three ribs in the process. Defendant then ran out of the store.

Defendant also testified at trial, and denied committing the armed robbery and aggravated assault. Defendant acknowledged he received a gunshot wound on the night of the incident, but testified that the shooting occurred during an attempted drug buy.

1. Defendant first contends that the trial court erred in refusing to admit certain evidence pertaining to Chandler's criminal record, and that the refusal to admit the evidence denied him his right to a thorough and sifting cross-examination of the witness. Specifically, defendant argues that in addition to questioning the witness about his criminal convictions he should have also been allowed to question the witness about his prior arrest record and certain crimes for which he was tried and acquitted.

(a) Relying on OCGA § 24-9-68, defendant argues that evidence of the witness' criminal record should have been admitted to show that the witness may have been motivated to testify favorably for the State in order to "please" the police. Although it is true that "[t]he state of a witness's feeling towards the parties and his relationship to them may always be proved for the consideration of the jury," OCGA § 24-9-68, other than the argument of counsel, there is nothing in the record to support the contention that the witness' past criminal record may have motivated the witness to be untruthful or to "shade" his testimony in favor of one side over the other. The witness' apparent "trouble" with law enforcement occurred in the past, and there were no outstanding criminal charges against the witness at any time relevant to the incident here. The cases relied on by defendant are thus inapposite. *Owens v. State*, 251 Ga. 313 (1) (305 SE2d 102) (1983); *Hines v. State*, 249 Ga. 257 (2) (290 SE2d 911) (1982).

(b) Contrary to defendant's argument on appeal, the State's attorney did not open the door to the admission of this evidence on redirect examination of the witness. Our review of the transcript shows that the State merely sought to rebut the testimony and implications arising from the testimony elicited by the defendant on cross-examination.

(c) Finally, defendant argues he should have been able to introduce Chandler's DUI arrests to demonstrate how his long-term drinking may have affected his memory and perception of the incident in the case at bar. However, defendant has presented no expert evidence that the witness suffered memory or perception problems related to prior alcohol use. In sum, we find no evidence in the record before us to show that the witness' previous arrests for DUI were admissible for any of the purposes posited by defendant, or that this evidence was in any way relevant or material to the issues being tried.

2. Defendant next contends that the pre-trial photographic procedure was tainted and impermissibly suggestive and thus the trial court erred in refusing to strike the testimony concerning the identification of defendant by Chandler. Defendant's motion at trial pertained to both the in-court and out-of-court identification of defendant by the witness. In support of his contention, defendant points to the fact that of the six pictures shown, he was the only individual seated, and, furthermore, he was seated on a hospital bed and the witness knew he had been shot. Defendant also contends that of the six photographs displayed, he was the only individual with a narrow or oval shaped face.

A "conviction based on eyewitness identification at trial following a pretrial identification [procedure] will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (Citation and punctuation omitted.) *Taylor v. State*, 203 Ga. App. 210, 211 (416 SE2d 554) (1992).

Our review of the copies of photographs contained in the record on appeal, as well as the testimony relating to the identification procedure, shows that the photographs were not impermissibly suggestive. Defendant's facial shape does not appear distinctive or unusual compared to the other men. Also, the fact that he is seated on a hospital bed is not readily apparent, and probably would not have been ascertained by Chandler in the short time he viewed the photographs before almost immediately identifying defendant. Moreover, the photograph of a shirtless man standing in a doorway is even more "eye-catching" than defendant's.

Additionally, even if the procedure was impermissibly suggestive, exclusion is mandated only if there was also a substantial likelihood of irreparable misidentification. E.g., *Widner v. State*, 203 Ga. App. 823, 824 (1) (418 SE2d 105) (1992). " '(T)he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation.' *Neil v. Biggers*, [409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972)]." *Morgan v. State*, 197 Ga. App. 823, 824 (1) (399 SE2d 578) (1990).

Applying the foregoing, we are satisfied from our review of the record that the identification procedure used in the instant case did not result in a substantial likelihood of misidentification. "Furthermore, even if a pre-trial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin." (Punctuation

omitted.) *Taylor*, 203 Ga. App. at 211. The witness testified that he walked past defendant when he entered the store and observed defendant during the robbery and the attack on Kennedy, and the defendant then ran past him again as he was leaving the store. Both Chandler and Kennedy testified at trial that they were 100 percent certain of defendant's identity as the perpetrator of the offense. Although Chandler's description of defendant to the police was not accurate, we are satisfied, considering the totality of the circumstances, the trial court did not err in denying defendant's motion to exclude the in-court and pre-trial identification of defendant.

3. Defendant next argues that the trial court erred in allowing one of the investigating officers to testify, over objection, during rebuttal about an oral statement made by the defendant because the statement had not been provided to defendant in response to his request pursuant to OCGA § 17-7-210. The record shows that defendant testified at trial that he was shot during an attempted drug buy. The rebuttal witness testified that defendant told him he had been shot on the way to the store to buy cigarettes. Viewed in isolation and from the point in the proceedings at which the OCGA § 17-7-210 request was made, we agree with the State that the statement was not incriminating and inculpatory. *Holland v. State*, 190 Ga. App. 169 (1) (378 SE2d 513) (1989); cf. *Davis v. State*, 198 Ga. App. 375 (1, 2) (401 SE2d 581) (1991) (in which this court found inculpatory a statement by a defendant who was charged with theft by receiving which admitted control of the property in question). Moreover, since we conclude that it is highly probable that even if wrongly admitted the evidence complained of did not contribute to the verdict, reversal is not required. *Wallin v. State*, 248 Ga. 29, 32 (5) (279 SE2d 687) (1981); *Dickey v. State*, 179 Ga. App. 383, 385 (1) (346 SE2d 864) (1986); cf. *Davis v. State*, 198 Ga. App. at 375 (2).

Defendant's "fall back position" both on appeal and at trial was that if the statement was not inculpatory, then it was exculpatory and should have been provided to him pursuant to his *Brady* request. There clearly was no *Brady* violation in this case. The statement here was made by the defendant and *Brady* "applies only to exculpatory material *unknown* to the defendant." (Citations and punctuation omitted.) *Bradford v. State*, 205 Ga. App. 383, 384 (422 SE2d 74) (1992).

4. We find no merit to defendant's contention that a mistrial should have been declared because of certain remarks made by the State's attorney during closing argument. See, e.g., *Brown v. State*, 264 Ga. 48 (2) (441 SE2d 235) (1994); *Alexander v. State*, 263 Ga. 474 (2) (435 SE2d 187) (1993); cf. *Bell v. State*, 263 Ga. 776 (439 SE2d 480) (1994). Moreover, "considering the entire closing argument, as well as the abundance of evidence against [defendant], . . . we are

convinced that it is 'highly probable' that the jury would have reached the same verdict had these statements not been made. See *Johnson v. State*, 238 Ga. [59, 61-62 (230 SE2d 869) (1976)]." *Alexander v. State*, 263 Ga. at 478.

5. Defendant's final enumeration assigns error to the jury charge. The record shows that the defendant requested charges on both alibi and misidentification. The trial court instructed the jury on both defenses but listed only six factors for the jury to consider in assessing the evidence concerning identification instead of the seven listed by the defendant in his request. The court, however, indicated that the factors listed were just "some of the factors you may consider in assessing reliability of identification" and thus did not preclude the jury from considering any factor raised by the evidence which pertained to the identification of the defendant. Having considered the charge in its entirety, we do not find the omission complained about here constituted harmful error under the facts of this case.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 27, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994 — 

*Derek H. Jones*, for appellant.

*Lewis R. Slaton*, District Attorney, *Carl P. Greenberg, Anita T. Wallace, Frances E. Cullen*, Assistant District Attorneys, for appellee.