## 37450. WALLIN v. THE STATE.

GREGORY, Justice.

Defendant was convicted of burglary and sentenced to eight years in the penitentiary. The evidence at trial showed that on June 13, 1980, the victim, Ernest Tidmore, was walking to a grocery store approximately two miles from his home in Rising Fawn, Georgia. Tidmore passed the defendant, a neighbor, riding a bicycle in the direction of their respective homes. Tidmore testified that he had closed the door to his house prior to leaving, but was unable to lock it because the latch was broken. Tidmore returned home about two hours later to find his television set on and his shotgun missing from a bedroom closet. Subsequently he discovered that his car battery had been removed. Hours later the sheriff found Mr. Tidmore's shotgun lying on the backseat of a 1966 Cadillac; the battery was later discovered under the hood of this car. The defendant insisted that these items were his and that he had purchased both of them "from a man who lives on Sand Mountain." At trial Tidmore testified that he had not authorized anyone to enter his home in his absence.

(1) Prior to trial the defendant filed a written motion "to suppress all evidence derived from the unlawful search of defendant's automobile." The motion stated that "the search was without any probably [sic] cause, was made without the defendant's permission, was not incidental to a lawful arrest, was totally without any legal justification whatsoever, and was made without a warrant." At the hearing on the motion to suppress the State made an oral motion to dismiss, stating that defendant's motion did not comply with Code Ann. § 27-313 (b) in that the motion failed to state facts showing that the search was unlawful. The trial court granted the State's motion to dismiss. Defendant stated at the conclusion of the hearing that he would "make another effort to comply with [the statute] and file another motion to suppress." Defendant did not file a subsequent motion to suppress but did file a motion for reconsideration of the dismissal of his motion to suppress in which he urged that Code Ann. § 27-313 (b) violates, on its face, the Fourth and Fourteenth Amendments to the United States Constitution. His motion for reconsideration was denied. At trial he made an oral motion to suppress which was denied.

On appeal defendant makes a Fourth Amendment challenge to the statute. His argument, in whole, is that "to hold that a person must show how a search without a warrant was unlawful beyond the extent shown in this case, would deny him all protection afforded by the Fourth Amendment." He states that it is "unconstitutional to require a person to speculate as to an officer's motive in conducting a

search without a warrant and without probable cause."

Code Ann. § 27-313 (b) provides: "The motion [to suppress] shall be in writing and state facts showing wherein the search and seizure were unlawful. The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion, and the burden of proving that the search and seizure were lawful shall be on the State. If the motion is granted the property shall be restored, unless otherwise subject to lawful detention, and it shall not be admissible in evidence against the movant in any trial."

" 'In order to raise a question as to the constitutionality of a "law," at least three things must be shown: (1) The statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision.' " *DeKalb County v. Post Properties, Inc.,* 245 Ga. 214, 218 (263 SE2d 905) (1980); *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773, 774 (95 SE2d 677) (1956); *Stegall v. Southwest Ga. &c. Auth.,* 197 Ga. 571, 582 (30 SE2d 196) (1944).

While the defendant has alleged that subsection (b) of Code Ann. § 27-313 violates the Fourth Amendment of the United States Constitution by requiring that "the motion to suppress shall . . . state facts showing wherein the search and seizure were unlawful," he has not, in any manner, shown *how* the statute is in violation of the Fourth Amendment. He has merely offered a conclusion, unsupported by either analysis or relevant citation of authority.

"It is a grave matter for this court to set aside an act of the co-ordinate legislative department, and vague and indefinite attacks will not be considered." *Richmond Concrete Products Co.,* supra, at 775; *Dade County v. State,* 201 Ga. 241 (39 SE2d 473) (1946).

It is not the duty of this court to fashion the defendant's argument for him. Consequently, we consider the defendant's attack on the statute to be insufficient.

As to the merits of the State's motion to dismiss, we agree with the trial court that defendant's motion to suppress was deficient under Code Ann. § 27-313 (b). See, *State v. Hodge,* 154 Ga. App. 293 (267 SE2d 906) (1980); *Whitlock v. State,* 148 Ga. App. 203 (251 SE2d 59) (1978).

(2) Defendant argues that the trial court erred in overruling his motion for new trial on the general grounds. He urges that the evidence is not sufficient to support the verdict under the authority of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We disagree. We have reviewed the evidence in the light most

favorable to the prosecution, and conclude that a rational trier of fact could have found the defendant guilty of the crime charged beyond a reasonable doubt. Jackson at 2789.

(3) Defendant next enumerates as error the trial court's failure to grant him a directed verdict at the close of all the evidence.

A motion for directed verdict should be granted, "[w]here there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal..." Code Ann. § 27-1802 (a). We cannot say, after reviewing the record, that the evidence in this case "demanded" a verdict of acquittal. The trial court did not abuse its discretion in refusing to grant defendant's motion for directed verdict.

(4) Defendant contends that the trial court erred in allowing the arresting officer to testify that he had received information that, shortly after the theft, the defendant had been seen driving a 1966 Cadillac. The objection was that this testimony was hearsay and, thus, inadmissible.

The trial court admitted the testimony under Code Ann. § 38-302 for the purpose of showing the arresting officer's conduct in making the arrest. Code Ann. § 38-302 provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Thus, defendant's argument that the admission of this testimony was improper because it was hearsay is without merit. See *Anderson v. State,* 247 Ga. 397 (276 SE2d 603) (1981). Furthermore, pursuant to defendant's request the trial court instructed the jury that the officer's testimony was being admitted solely for the purpose of explaining the officer's conduct in making the arrest, and not to prove that the defendant was in the possession of the car.

(5) At trial the sheriff testified that, after Miranda warnings had been given to the defendant, he stated that the car battery and shotgun belonged to him. He also stated to the sheriff that he owned the 1966 Cadillac in which these items were found.

Prior to trial defendant made a motion under Code Ann. § 27-1302 for the State to furnish him a written copy of any statements which he had made while in custody. Section (b) of this statute provides: "If the defendant's statement is oral or partially oral, the prosecution shall furnish in writing all relevant and material portions of the defendant's statement." Section (d) provides: "If the defendant's statement is oral, no relevant and material (incriminating or inculpatory) portion of such statement of the defendant may be used against the defendant unless it has been previously furnished to the defendant if a timely written request for a

copy . . . has been made . . ."

The State provided the defendant with a written statement in which the defendant claimed ownership of the shotgun and car battery; the statement did not specify that the defendant claimed ownership of the 1966 Cadillac. At trial the sheriff testified that the defendant had informed him he owned the car, car battery and shotgun. Defendant moved to have the statement that he owned the car stricken on the ground that the State had failed to provide him with a written copy of it. The State answered that it had not furnished this statement to the defendant because, under the theory of recent, unexplained possession of stolen goods, it was neither relevant nor material that the defendant claimed ownership of the car; thus the statute did not require that this statement be given to the defendant. The trial court overruled defendant's motion to have the statement stricken.

Code Ann. § 27-1302 protects an accused from the introduction at trial of incriminating or inculpatory statements made by him while in custody unless he has been furnished with written copies of these statements prior to trial. While defendant's statement that he owned the car was incriminating in that it tended to make more likely the possibility that he had possession of the allegedly stolen articles inside the car, and, therefore, should not have been admitted under Code Ann. § 27-1302 (d), we find it highly probable that this error did not contribute to the verdict as the defendant claimed unequivocally in his statement to the sheriff that he owned the allegedly stolen articles. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976). Accordingly, we find that, considering all the evidence presented, the error in admitting defendant's statement that he owned the car was harmless.

(6) At trial the sheriff testified that the 1966 Cadillac which the defendant claimed to own did not belong to the defendant, but was registered in the name of an Alabama resident. Defendant objected that this information was exculpatory and should have been furnished to him under his "Brady motion."[1] The defendant then moved for a mistrial. The trial court denied this motion.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good

---

[1] The record indicates that the defendant filed a "motion for discovery" in which he requested copies of defendant's statements pursuant to Code Ann. § 27-1302; copies of any "written scientific reports" pursuant to Code Ann. § 27-1303; and "any evidence of any exculpatory nature within the possession of the prosecution."

faith or bad faith of the prosecution." Brady v. Maryland, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963); *Irwin v. State,* 244 Ga. 850 (262 SE2d 99) (1979). However, the Supreme Court has held that there is "no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." Moore v. Illinois, 408 U. S. 786, 795 (92 SC 2562, 33 LE2d 706) (1972). The Constitution requires that, upon request by the defendant, the State disclose all favorable evidence which is material either to guilt or to punishment. "[I]mplicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial." United States v. Agurs, 427 U. S. 97, 104 (96 SC 2392, 49 LE2d 342) (1976).

When a defendant asks "for all Brady material" or "anything exculpatory" as was the case here, "such a request really gives the prosecutor no better notice than if no request is made." United States v. Agurs, supra, at 106-107. In such a case, "the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial." Id. at 108. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense. Id. at 109. See also, *Baker v. State,* 245 Ga. 657 (266 SE2d 477) (1980).

"[I]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." *Agurs,* supra, at 112-113.

Generally the complaint under Brady arises where the defendant discovers *after* trial that exculpatory information, known to the prosecution but unknown to the defendant, existed prior to or arose during the trial. Id. at 103. Here, the defendant made a Brady motion prior to trial, then complained he was surprised by the introduction of this allegedly exculpatory statement during the trial.

The "[d]efendant . . . has the burden of showing that the evidence withheld from him so impaired his defense that he was denied a fair trial within the meaning of the Brady Rule." *Potts v. State,* 241 Ga. 67, 74 (243 SE2d 510) (1978). Here, the exculpatory information was not withheld from the jury. The complaint is that it was not furnished in response to a discovery request. How has the failure to furnish the defendant the evidence in advance of trial impaired his defense? It has not been shown. If it is defendant's contention that additional time for investigation would have

enhanced his defense, the proper motion would have been for an adequate recess, not mistrial.

We conclude that defendant has not made a showing "that the ... alleged withheld evidence impaired his defense or denied him a fair trial. Under these circumstances, no violation of Brady is present." Id. at 74.

Therefore, the trial court did not err in denying defendant's motion for a mistrial.

*Judgment affirmed. All the Justices concur, except that as to Division 1, Hill P. J., and Smith J., concur in the judgment only.*

DECIDED JULY 7, 1981 —
REHEARING DENIED JULY 24, 1981.

*J. Donald Bennett,* for appellant.

*D. L. Lomenick, Jr., District Attorney, William P. Slack, Assistant District Attorney,* for appellee.