## S93A0942. DENNARD v. THE STATE.
(435 SE2d 26)

CLARKE, Chief Justice.

At about two o'clock in the morning on March 11, 1990, Henry L. Dennard and Michael Daniels drove into the parking lot next to a private club in Americus. About 60 people had gathered there that morning. Before leaving, Dennard would shoot Alphonzo Colwell Jenkins in the chest, fatally wounding him.[1]

Appellant's co-defendant Demetrius Hubbard arrived with Jeffrey Lynn Wright. Wright and Jenkins argued, and someone cooking chicken at the gathering asked Wright to leave. As Wright was driving away, the crowd began beating and rocking Daniels' truck. A fight broke out, and appellant asked Hubbard for a gun. Hubbard gave the gun to Dennard who then fired a bullet into Jenkins' chest. Appellant and Wright drove away, leaving Daniels at the scene. The autopsy revealed that the victim died from the .38 caliber gunshot wound to the chest. Later that morning, the police arrested Dennard who told them that Hubbard shot Jenkins and then handed the gun to him. Police then arrested Hubbard and the three others who were at the scene of the killing with him. After the police read *Miranda* warnings to him, appellant admitted the shooting but claimed it was an accident. He also said that Hubbard hid the gun under his aunt's trailer. The police later found the gun there.

The jury found appellant guilty of felony murder, voluntary manslaughter, aggravated assault, and three other charges. He was sentenced to life in prison, and now appeals the conviction. Appellant enumerates several errors. We reverse Dennard's conviction for aggravated assault and voluntary manslaughter and affirm the remainder of the judgment.

1. Appellant was convicted of both felony murder and aggravated assault, the underlying felony on which the murder charge was based. As appellant argues and the State agrees, a defendant may not be

---

[1] The homicide occurred on March 11, 1990. A grand jury indicted appellant for murder, felony murder, aggravated assault, hindering the apprehension of a criminal, carrying a pistol without a license, and carrying a deadly weapon at a public gathering on April 26, 1990. He was found guilty on June 14, 1990, and was sentenced on the same day to life imprisonment for felony murder, twenty years for manslaughter, ten years for aggravated assault, five years for hindering the apprehension of a criminal, and twelve months for each of the weapons charges. His motion for new trial was filed on July 16, 1990 and denied on December 28, 1992. Appellant filed a notice of appeal on January 25, 1993. The appeal was submitted for decision without oral argument on May 7, 1993.

convicted of more than one crime if that crime is included in the other. OCGA § 16-1-7. We therefore set aside the conviction for aggravated assault.

2. Viewing the evidence in the light most favorable to the jury's verdict, a rational trier of fact could have found appellant guilty of the charges beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in denying appellant's motion for a directed verdict.

3. Dennard contends that the jury, by convicting him of voluntary manslaughter, necessarily found the aggravated assault of the victim was mitigated by provocation. He further argues that under *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), his conviction for felony murder must be reversed.

Before the sentencing phase began, defense counsel said, "We don't argue with the jury's verdict. We accept that verdict." Because appellant failed to object to the convictions, he is barred from asserting that the court should have sentenced him for voluntary manslaughter instead of felony murder. *Cruz-Padillo v. State*, 262 Ga. 629 (2) (422 SE2d 849) (1992). Therefore, we uphold the conviction for felony murder but set aside the conviction on voluntary manslaughter. See id.; *Wilson v. State*, 262 Ga. 588, 590 (422 SE2d 536) (1992).

4. Prior to trial, appellant filed a demand for exculpatory evidence under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Appellant then moved for a mistrial when the State presented the testimony of Christopher Jones. Mr. Jones and James D. Brown gave statements to the police that contradicted testimony of the other witnesses. Appellant argues that these statements were exculpatory and should have been revealed to him. However, the statements were revealed during the prosecutor's case-in-chief at trial. Appellant had ample opportunity to cross-examine Jones on both statements. *Brady* holds that suppression by the prosecution of evidence favorable to the accused which is material to either guilt or punishment violates due process. *Brady* does not require pre-trial disclosure of materials sought under a *Brady* motion. *Castell v. State*, 250 Ga. 776, 781 (2) (b) (301 SE2d 234) (1983) (citing *United States v. Sweeney*, 688 F2d 1131, 1141 (7th Cir. 1982)). "Brady is not violated when the Brady material is available to defendants during trial. [Cits.]" Id. (Citing *United States v. Behrens*, 689 F2d 154, 158 (10th Cir. 1982).) Nor is there a *Brady* violation where information sought becomes available to the accused at trial. *Shearer v. State*, 259 Ga. 51 (376 SE2d 194), cert. denied 492 U. S. 922 (1989). Appellant must show that earlier disclosure would have benefited the defense and that the delayed disclosure deprived him of a fair trial. *Wallin v. State*, 248 Ga. 29 (6) (279 SE2d 687) (1981).

As in *Wallin*, supra, the exculpatory evidence was not withheld

from the jury. Defendant merely complains that it was not made available prior to trial. Without a showing that this prejudiced the defendant's case, there is no violation of *Brady*. *Wallin*, 248 Ga. at 33-34.

5. Appellant complains that the trial court erred in denying the defendant's motion for severance. Both Hubbard and Dennard were tried together. Neither defendant testified, and Hubbard was acquitted on charges of murder and voluntary manslaughter. The trial court admitted a pre-trial statement made by Hubbard implicating Dennard as the killer.

When two or more defendants are jointly indicted for a capital felony where the death penalty is waived, defendants may be tried jointly or separately in the discretion of the trial court. OCGA § 17-8-4.

The trial judge must examine each case individually and exercise his discretion in ruling on the motion. That decision will not be disturbed unless appellant shows an abuse of discretion. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). The burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process. *Majors v. State*, 203 Ga. App. 139, 140 (416 SE2d 156) (1992). In exercising its discretion, the court must consider three factors: (1) Whether a joint trial will create confusion of evidence and law; (2) whether there is danger that evidence implicating one defendant will be considered against the other, despite cautionary instructions to the contrary; and (3) whether the co-defendants will press antagonistic defenses. *Thomas v. State*, 199 Ga. App. 586 (405 SEd 512) (1991), rev'd on other grounds 261 Ga. 854 (413 SE2d 196) (1992).

The state's use of Hubbard's statement implicating Dennard introduced an element of antagonism between the co-defendants. Furthermore, the trial court's refusal to sever had the effect of limiting Dennard's Sixth Amendment right to confront Hubbard on cross-examination. Antagonism between co-defendants, however, is not enough in itself to require severance, rather appellant must also demonstrate that he was harmed by the failure to sever. Id. In this case, appellant's own pre-trial statement admitting his own guilt was identical to Hubbard's statement. Appellant has failed to show how the denial of his motion to sever was a denial of due process.

6. After the jury published the verdict, but before discharging the jury, the judge commented that "we've gotten into a phase of violence and where people attack and kill other people without rhyme or reason. . . ." The appellant asked to have the jury polled. One of the jurors said that she did not think the defendant should have been

convicted of voluntary manslaughter, but involuntary manslaughter instead. The trial court instructed the jury to retire and consider the verdict further. The jury reaffirmed the original verdict. Appellant then moved for a mistrial based on the judge's remarks. He now counts as error the trial court's denial of that motion.

Appellant failed to object to the judge's comments before the final verdict was returned. Once the verdict was published, appellant waives his objection. *State v. Jorgensen*, 181 Ga. App. 502 (353 SE2d 9) (1987). "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Johnson v. State*, 226 Ga. 511, 514 (175 SE2d 840) (1970).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 20, 1993 —
RECONSIDERATION DENIED OCTOBER 22, 1993.

*T. Lee Bishop, Jr.*, for appellant.
*John R. Parks, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney*, for appellee.