A95A0134. JORDAN v. THE STATE.
(457 SE2d 692)

McMURRAY, Presiding Judge.

Defendant was charged via indictment with one count of trafficking in cocaine, for being in actual possession of more than 28 grams of cocaine, and also with one count of distribution of cocaine. The evidence adduced at his jury trial, where defendant represented himself, showed that Special Agent Greg Linton of the Georgia Bureau of Investigation identified defendant as the person who sold him "two ounces of crack . . ." in exchange for $3,000 on January 18, 1990. This transaction took place at defendant's Soperton home, on County Line Road in Treutlen County, Georgia. "At this particular occasion, [defendant] sold it to [Special Agent Linton] in eight-ball quantities, which is an eighth of an ounce. So, that means [defendant] had six-

teen bags which would have equaled two ounces." Defendant "brought the dope into the house and placed it on the table." Special Agent Linton "looked at them, placed them back in the brown paper bag and put the brown paper bag in [his] pocket, left [defendant's] house and gave the brown paper bag to Agent Cannon."

Count I, trafficking in cocaine, was withdrawn by the State before closing argument, and an order of nolle prosequi was entered as to that count. The jury found him guilty of Count II, distribution of cocaine. His motion for new trial was withdrawn and this direct appeal followed. Defendant is represented by appointed counsel on this appeal. *Held*:

1. Defendant first contends the trial court erred "by permitting the State to withhold exculpatory *Brady* evidence until the trial, to wit, the [audio]recording [of the drug sale] made by [Special Agent Linton]." However, the State filed statements of compliance with defendant's *Brady* motion, reciting that his then-counsel of record had been served with a copy of the indictment, a list of witnesses, a copy of the report of the State Crime Laboratory, and "All items discoverable which are favorable to the Defendant as to the issue of guilt or punishment, and are known by the State to exist." Special Agent Linton identified State's Exhibit 2 as "a microcassette tape recording containing [the] conversation on January 18th, 1993 [sic], between myself and [defendant]." The existence of this tape was known to defendant well before trial because the attorney representing defendant on a separate federal charge had listened to "eight or ten taped conversations and [was of the opinion] that there was no evidence of a drug transaction." The tape of this sale was in court and available at trial. When directly asked by the court whether he "intend[ed] to introduce the tape into evidence . . . [defendant expressly declined, replying:] Not on my account, no sir." Thereafter, when the State introduced it, defendant had no objection to its admissibility. As the tape was played for the jury, Special Agent Linton explained certain background noises and clarified his own statements but never purported to translate or repeat statements made by the defendant himself.

"*Brady* [*v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)] holds that suppression by the prosecution of evidence favorable to the accused which is material to either guilt or punishment violates due process. *Brady* does not require pre-trial disclosure of materials sought under a *Brady* motion. [Cits.] [The mandate of] '*Brady* is not violated when the *Brady* material is available to defendants during trial. (Cits.)' [Cit.] . . . [The defendant] must show that earlier disclosure would have benefited the defense and that the delayed disclosure deprived him of a fair trial. *Wallin v. State*, 248 Ga. 29 (6) (279 SE2d 687) (1981)." *Dennard v. State*, 263 Ga. 453, 454 (4) (435

SE2d 26).

In the case sub judice, defendant fails to make any showing how an earlier disclosure of the tape would have benefited him or how any delay harmed him. Moreover, we have listened closely to this tape and determine that it is not exculpatory. The tape is of poor quality and reveals with certainty only a garbled conversation between two adult males. Special Agent Linton is the only one identified. Despite repeated playings, only Special Agent Linton's voice is both audible and intelligible over loud music (Earth, Wind and Fire) in the background. To the extent that this tape corroborates Special Agent Linton's testimony of going to defendant's house and completing the drug transaction, it is incriminating, not exculpatory. The mere fact that the identity and conversation of the second adult male is wholly indeterminate is not exculpatory of this defendant. This case falls within the rule that " '*Brady* is not violated when the [purported] *Brady* material is available to defendants during trial. (Cits.)' [Cit.] . . ." *Dennard v. State*, 263 Ga. 453, 454 (4), supra. Inasmuch as we have determined that the tape is not exculpatory material, defendant's reliance on *West v. State*, 213 Ga. App. 362, 363 (1), 364 (1) (a) (444 SE2d 398), is misplaced. This enumeration is without merit.

2. Defendant's second enumeration has been rendered moot by the forwarding to this court of the microcassette tape that is State's Exhibit 2, by way of certified supplemental record.

3. Defendant's third enumeration contends the trial court erred in imposing a life sentence under OCGA § 16-13-30 (d) when the State failed to give notice before trial under OCGA § 17-10-2 (a) that it intended to rely on a prior drug conviction. Scrutiny of the record in the case sub judice reveals no written pre-trial notice by the State that it intended to seek a life sentence as enhanced punishment on the ground that this would be defendant's second or subsequent violation of OCGA § 16-13-30 (b).

"[S]tatutes imposing recidivist or enhanced punishment must be read in conjunction with OCGA § 17-10-2." *Mays v. State*, 262 Ga. 90, 91 (1) (b) (414 SE2d 481). "OCGA § 17-10-2 (a) prohibits a trial court from considering anything in aggravation that the state has not informed the defendant, prior to trial, it will offer as evidence in aggravation of punishment during the sentencing phase of trial. See also *State v. Marshall*, 195 Ga. App. 535, 536 (394 SE2d 379) (1990). Thus, if the state has not specifically informed the defendant, prior to trial, that it intends to seek enhanced punishment based upon a conviction for a prior offense, the trial court would not be [authorized] to impose an enhanced sentence, even if the offense for which the defendant is being tried is a 'second or subsequent offense.' " *Mays v. State*, 262 Ga. 90, 92 (1) (b), supra. See also *Armstrong v. State*, 264 Ga. 237, 238 (1) (442 SE2d 759). OCGA § 17-10-2 (a) "does not re-

quire written notice, [but does require] 'clear notice.' *Graham v. State*, 171 Ga. App. 242, 256 (17) (319 SE2d 484) (1984)." *Martin v. State*, 207 Ga. App. 861, 862 (429 SE2d 332). In the case sub judice, there is no contention that clear and timely pre-trial notice was orally given. Compare *Moss v. State*, 206 Ga. App. 310, 312 (5) (425 SE2d 386). As the life sentence imposed without clear pre-trial notice is unauthorized, we vacate the judgment as to sentence and remand with direction that defendant be "punished by imprisonment for not less than five years nor more than 30 years." OCGA § 16-13-30 (d). This disposition renders defendant's fourth enumeration moot.

*Judgment as to conviction affirmed; judgment as to sentence vacated and remanded with direction. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 10, 1995.

*Joe H. Thalgott*, for appellant.
Curtis Jordan, *pro se*.
*Ralph M. Walke, District Attorney, L. Craig Fraser, Peter F. Larsen, Assistant District Attorneys*, for appellee.