## S95A0764. GRESHAM v. THE STATE.
(462 SE2d 370)

THOMPSON, Justice.

Craig L. Gresham was convicted and sentenced to life imprisonment for the felony murder of Jerald Chilsom.[1] He asserts, primarily, that he was deprived of a fair trial because the State failed to provide exculpatory material in a timely fashion. Because Gresham failed to show that earlier disclosure would have benefitted him, we affirm.

1. The State called Merriness McCain, Gresham's lover and the victim's former girl friend, as its first witness. She testified that she saw Gresham shoot the victim in the face with a shotgun. Asked about previous statements she made to the police, McCain averred that her first statement was inconsistent with her testimony, but that a subsequent statement was consistent. She explained that she lied when she made the former statement because she was afraid of Gresham. On cross-examination, McCain admitted that in her former

---

[1] Gresham killed Chilsom on December 18, 1992, and he was indicted on March 5, 1993, for malice murder, felony murder and aggravated assault. He was tried on November 15-18, 1993, acquitted of malice murder, and convicted of felony murder and aggravated assault. The felony murder and aggravated assault convictions were merged for sentencing purposes and Gresham was sentenced to life in prison. His timely filed motion for a new trial was amended on August 18, 1994, and denied on December 7, 1994; and his notice of appeal was filed on December 29, 1994. The case was docketed in this Court on February 7, 1995, and submitted on briefs on April 3, 1995.

statement she told the police she did not know anything about the shooting.

On direct examination, Detective Mortlock testified that he took two statements from McCain; that in her first statement, McCain said she did not know who shot the victim; and that in her second statement, McCain said Gresham shot him. Thereupon, defense counsel complained that the State failed to provide her with a copy of McCain's first statement, and the trial court instructed the prosecution to give the statement to defense counsel. With a copy of the statement in hand, defense counsel cross-examined Detective Mortlock about McCain's two statements.

Thereafter, defense counsel moved for a mistrial, asserting the State's failure to provide McCain's exculpatory statement pursuant to a discovery request was prejudicial to Gresham's defense because defendant "might have proceeded differently . . ." if the statement had been disclosed earlier. Asked for particulars, defense counsel surmised that if the statement had been disclosed earlier, Gresham might have structured his defense so that he would not have to testify. (In her opening statement, defense counsel told the jury that Gresham would be taking the stand to set forth a justification defense.) The trial court denied the motion and Gresham enumerates error upon that ruling.

This Court has held that generally a complaint under *Brady v. Maryland*, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963) "arises where the defendant discovers *after* trial that exculpatory information, known to the prosecution but unknown to the defendant, existed prior to or arose during the trial." *Wallin v. State*, 248 Ga. 29, 33 (279 SE2d 687) (1981). In *Wallin*, the defendant made a *Brady* motion before trial, then claimed he was surprised by the introduction of an allegedly exculpatory statement at trial. Under those circumstances, we held that "the 'defendant . . . has the burden of showing that the evidence withheld from him so impaired his defense that he was denied a fair trial within the meaning of the Brady Rule.'" Id. (citing *Potts v. State*, 241 Ga. 67, 74 (243 SE2d 510) (1978)). See also *Dennard v. State*, 263 Ga. 453, 454 (4) (435 SE2d 26) (1993). Because the defendant failed to meet that burden, we found no violation of *Brady*. *Wallin*, supra at 34.

In this case, as in *Wallin*, Gresham failed to show that the State's failure to furnish the evidence in advance of trial so impaired his defense that he was denied a fair trial. Mere speculation by Gresham that he "might" have pursued a different course of action had he received the evidence earlier, is not sufficient. Compare *West v. State*, 213 Ga. App. 362, 363 (1) (444 SE2d 398) (1994), with *Jennette v. State*, 197 Ga. App. 580, 584 (6) (398 SE2d 734) (1990). Accordingly, we find no *Brady* violation.

2. The trial court did not abuse its discretion in admitting into evidence pre-autopsy photographs of the victim taken at the scene of the crime. *Isaac v. State,* 263 Ga. 872, 873 (3) (440 SE2d 175) (1994).

3. Gresham asserts that the State impermissibly put his character into evidence by questioning a witness about his nickname or "street name" — "Big Daddy." We find no merit in this assertion. Mere reference to a "street name" does not, in and of itself, suggest bad character.

4. Gresham failed to demonstrate that the representation provided by his trial attorney fell below an objective standard of reasonableness or that there is a reasonable probability that the outcome of the trial would have been different but for the alleged substandard representation. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jowers v. State,* 260 Ga. 459 (396 SE2d 891) (1990). The trial court did not err in denying Gresham's motion for a new trial on the ground of ineffective assistance of counsel.

5. The evidence was sufficient to enable any rational trier of fact to find Gresham guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. The remaining enumerations of error are without merit.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 1995.

*Stroup & Coleman, Elizabeth V. Rogan,* for appellant.

*Lewis R. Slaton, District Attorney, Donald P. Geary, Leonora Grant, Assistant District Attorneys, Michael J. Bowers, Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.

---

[2] Gresham asserts the trial court erred in instructing the jury on malice murder, voluntary manslaughter and felony murder, arguing that the charge was confusing and misleading. He also asserts the trial court erred (1) in permitting the State to bolster the testimony of one of its witnesses, and (2) in allowing the assistant district attorney to ask leading questions, elicit hearsay testimony, and, during closing argument, make himself a witness, refer to a witness as "impartial," instill fear of Gresham, and shift the burden of proof by referring to witnesses that Gresham could have called.