A97A0184. BERTHOLF v. THE STATE.
(482 SE2d 469)

BLACKBURN, Judge.

Charles Keith Bertholf, Sr. was convicted of selling methamphetamine. OCGA § 16-13-30 (b). The chief evidence against Bertholf was the testimony of Michael Baxter, to whom Bertholf sold the drugs, and Bertholf's own confession to police. On appeal, Bertholf claims that the State improperly withheld evidence from him and that his trial attorney was ineffective.

1. In a vague argument, Bertholf claims the State denied him due process of law by failing to timely provide his trial attorney with a copy of the audiotape made of his confession to police. The record shows Bertholf's attorney was informed of the substance of this confession through the district attorney's "open file" policy, but the pros-

ecutor did not know the confession had been taped until the middle of trial, as the State was preparing to rest its case. The tape was never introduced into evidence or proffered into the record, either at the trial or at the hearing on Bertholf's motion for new trial.

Bertholf's attorney was not required to file a discovery request because he was allowed access to all materials in the State's files. See *Wright v. State*, 219 Ga. App. 119, 120 (1) (464 SE2d 216) (1995) (physical precedent only). Even if Bertholf could show a violation of the statutory discovery rule, OCGA § 17-16-4 (a), he can show no harm because the audiotape was not introduced into evidence. See OCGA § 17-16-6 (strongest remedy for violation of discovery request is exclusion of suppressed evidence). To the extent Bertholf claims the State violated *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) by withholding exculpatory evidence, he had the burden of showing that earlier disclosure of the tape would have benefited his case and that the delayed disclosure deprived him of a fair trial. *Jordan v. State*, 217 Ga. App. 420, 421 (1) (457 SE2d 692) (1995). Nothing in the record shows the tape would have been beneficial to Bertholf, and the evidence indicates that both Bertholf and his counsel were cognizant of the tape's general contents. Furthermore, although Bertholf claims earlier disclosure of the tape would have allowed for better trial preparation, or would have caused him to call additional witnesses or testify on his own behalf, "[m]ere speculation by [Bertholf] that he 'might' have pursued a different course of action had he received the evidence earlier, is not sufficient." *Gresham v. State*, 265 Ga. 730, 731 (1) (462 SE2d 370) (1995).

2. Bertholf enumerates several claims of ineffective assistance of counsel by his trial attorney. To support these claims, he must show both that his trial counsel's performance was deficient and that the deficient performance prejudiced his case. *Peterson v. State*, 212 Ga. App. 147, 151 (4) (441 SE2d 481) (1994). A trial court's findings on these issues will be affirmed unless clearly erroneous. Id.

(a) Bertholf's trial attorney had originally represented both Bertholf and Baxter, who testified against Bertholf. The attorney had explained the possible conflict to Bertholf earlier, and when the State offered Baxter probation the attorney withdrew from representing Baxter. Bertholf claims that because his attorney had represented Baxter, the attorney was incapable of effectively cross-examining Baxter because of an actual conflict of interest. The record shows the attorney did cross-examine Baxter, explained to the jury that he had formerly represented Baxter, and obtained an admission that Baxter had been promised probation in return for his testimony.

"To establish ineffective assistance of counsel based upon conflict of interest, defendants must prove that their counsel actively represented conflicting interests and that an actual conflict of interest

adversely affected his lawyer's performance." (Punctuation omitted.) *Capers v. State*, 220 Ga. App. 869, 873 (2) (470 SE2d 887) (1996). "Active representation of conflicting interests connotes more than merely cross-examining a former client." (Punctuation omitted.) Id. at 874 (2). See also *Weeks v. State*, 190 Ga. App. 373, 374 (1) (378 SE2d 895) (1989) (no actual conflict where attorney had previously withdrawn as counsel for witness).

As in *Capers*, Bertholf "failed to demonstrate that an actual conflict of interest adversely affected his lawyer's performance. The record fails to support [Bertholf's] argument that counsel's prior representation of [Baxter] prevented a thorough cross-examination of [Baxter]. . . . The record is unclear as to whether counsel received privileged information from [Baxter]. Even if he did, however, that fact is not dispositive because [Bertholf] failed to demonstrate that his counsel's prior relationship with [Baxter] limited the cross-examination or his counsel's loyalty was divided." *Capers*, supra at 874 (2). The trial court did not err in rejecting this ineffective assistance claim.

(b) Bertholf further claims his attorney was ineffective in failing to listen to the tape. Because the tape was never placed in evidence at the hearing on the motion for new trial, Bertholf cannot show that had his attorney listened to the tape the trial would have resulted in a different verdict. See *Capers*, supra at 871.

(c) Finally, Bertholf asserts error in his trial attorney's failure to request charges on the lesser included offenses of possession of methamphetamine or possession with intent to distribute. Because the only evidence against Bertholf showed that he *sold* the methamphetamine, and no evidence indicated that he merely possessed it or possessed it with the intent to distribute, a charge on these lesser included offenses was unwarranted and cannot be the basis for an ineffective assistance claim. See *Peterson*, supra at 152. Furthermore, given the fact that Bertholf apparently denied any connection with the drugs, the attorney did not err in making the strategic decision — based on his conversations with his client — not to request that the jury consider any lesser included offense. See *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360) (1993) (decision whether to request lesser included offense charges is strategic determination for attorney, and failure to consult with client on that specific decision does not constitute ineffective assistance in every case). This enumeration is, therefore, without merit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 25, 1997 — 

*Kenneth W. Krontz, J. L. Jordan*, for appellant.

*Peter J. Skandalakis, District Attorney, Kevin W. Drummond, Assistant District Attorney*, for appellee.