## A05A1586. JONES v. THE STATE.

(624 SE2d 275)

BERNES, Judge.

A Newton County jury convicted William Leon Jones of one count of robbery by sudden snatching. Jones appeals, contending that the trial court abused its discretion by not granting a mistrial. Jones argues that a mistrial was warranted because the State failed to timely produce discoverable evidence of a photographic lineup shown to the robbery victim. Because Jones was not harmed by the State's discovery violation, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence adduced at trial shows that on the morning of March 6, 2003, Calla Barr, a shift manager at Arby's Restaurant in Newton County, arrived at work and prepared the bank deposit for money earned the previous night. Barr placed the money and deposit slip into a money bag and left the restaurant in order to take the deposit to the bank. As Barr headed to her vehicle, a male later identified as Herman Head approached and "spoke to [her] like he knew who [she] was." Suddenly, Head cut in front of Barr, snatched the money bag, fled to a vehicle waiting in an adjacent Kmart parking lot, and got into the back seat. The vehicle drove off as Barr, "hysterical" and crying, ran to the restaurant drive-thru window for assistance.

Although Barr could not identify the driver of the getaway vehicle, Head later identified the driver as defendant Jones. Head and Jones lived in the same apartment complex and had become acquaintances after playing basketball together. Both were experiencing "hard times" caused by unemployment. The night before the robbery, the two men were chatting about their money problems, and Jones suggested that they could make some "easy money" by robbing the Arby's where his girlfriend, Kathy Smith, worked. Head and Jones decided to rob Arby's the following day by snatching the money bag used for making the bank deposit. They agreed that Head would snatch the money bag and Jones would drive, since Jones believed that "his face was known and would be more familiar" to some of the Arby's employees.

---

[1] *Williams v. State*, 245 Ga. App. 259, 261 (1) (537 SE2d 125) (2000).

After committing the robbery, Head and Jones went to Head's apartment in order to split up the money. Head's girlfriend, who also lived in the apartment, awoke when Head and Jones came into the apartment out of breath. Head and Jones pulled out the stolen money. Head's girlfriend repeatedly asked them what was going on. Jones then pulled her aside and admitted that they had "just hit up Arby's."

Head, Smith, and Jones subsequently were indicted for robbery by sudden snatching. Head pled guilty, and Smith and Jones were tried jointly. Although at trial Barr was unable to identify Jones as a participant in the robbery, Head and his girlfriend both testified about Jones' involvement. Head described in detail the planning of the robbery, its execution, and its aftermath, and he specifically identified Jones as a participant. Head's girlfriend related the incriminating statement that Jones made to her immediately after the robbery. The jury found Jones guilty of the charged offense but acquitted Smith.

On appeal, Jones argues that the State failed to produce to him discoverable evidence of a photographic lineup shown to Barr as required by OCGA § 17-16-4 (a) (3). Jones further contends that the trial court abused its discretion by failing to grant a mistrial based on the discovery violation, given that Jones first learned of the photographic lineup during the cross-examination of the police detective who interviewed Barr.

"The grant or denial of a motion for mistrial is within the sound discretion of the trial court." (Footnote omitted.) *Williams*, 245 Ga. App. at 263 (2). Furthermore, the failure to grant a mistrial based on a discovery violation committed by the State constitutes reversible error only if the violation harmed the defendant's ability to prepare and present his defense or otherwise deprived him of a fair trial. *Gresham v. State*, 265 Ga. 730, 731 (1) (462 SE2d 370) (1995); *Bertholf v. State*, 224 Ga. App. 831, 832 (1) (482 SE2d 469) (1997). With these principles in mind, we turn to the record in the present case.

The record shows that Jones elected to proceed under the reciprocal discovery provisions of OCGA § 17-16-1 et seq. by serving written notice on the State, as required by OCGA § 17-16-2 (a). Thus, the State was required, "no later than ten days prior to trial," to disclose to Jones all "photographs[ and] tangible objects . . . or copies or portions thereof . . . within the possession, custody, or control of the state or prosecution . . . intended for use by the prosecuting attorney as evidence in the prosecution's case-in-chief or rebuttal at the trial." OCGA § 17-16-4 (a) (3). " 'Possession, custody, or control of the state or prosecution' means an item which is within the possession, custody, or control of the prosecuting attorney or any law enforcement agency involved in the investigation of the case being prosecuted." OCGA § 17-16-1 (1).

After Barr, Head, and Head's girlfriend testified, the State called as a witness the police detective who had investigated the robbery. During cross-examination by Jones' attorney, the detective noted that when he interviewed Barr, she told him that she knew Jones as Smith's boyfriend and had met him prior to the robbery. The detective further testified that he had shown Barr a photographic lineup that included a picture of Jones, but that Barr was unable to identify Jones as a participant in the robbery.

Prior to the detective's testimony on cross-examination, neither defense counsel nor the assistant district attorney had been informed that the detective had presented a photographic lineup to Barr. Jones moved for a mistrial, claiming that the State's failure to previously produce evidence associated with the photographic lineup was a discovery violation, and that the violation harmed his ability to adequately prepare and present his defense. Finding no prejudice, the trial court denied the motion. The trial court also denied Jones' request to recall Barr for further cross-examination and to introduce the photographs themselves into evidence.

The State concedes that although the prosecuting attorney was unaware of the photographic lineup prior to trial, the State violated the reciprocal discovery statute because discoverable evidence of the photographic lineup was in the detective's possession but not disclosed within the applicable statutory time period. However, the State argues that Jones cannot show that he suffered any harm as a result of the late disclosure.

After reviewing all evidence of record, we agree with the trial court that Jones failed to establish that he suffered any harm as a result of the discovery violation. Even without being asked about the photographic lineup, Barr testified on direct and cross-examination that she could not identify the driver of the getaway vehicle, other than the fact that "he was a black male with a low haircut." Barr also admitted on cross-examination that she had been introduced to Jones on one occasion before the robbery and that she "would recognize [Jones] on sight." Thus, even without cross-examining Barr specifically about her failure to identify Jones in the lineup, Jones was able to get before the jury evidence to the same effect, namely, that Barr was unable to identify Jones as being involved in the robbery even though she knew what he looked like and who he was. Thus, Jones cannot demonstrate that he suffered any harm in his ability to prepare and present his defense as a result of the discovery violation.

Furthermore, we note the obvious fact that despite the State's discovery violation, evidence of the photographic lineup was presented to the jury for their consideration through the detective's testimony. Even if exculpatory evidence is improperly withheld by the State prior to trial, if the evidence is actually introduced at trial for

the jury to consider and weigh, the defendant suffers no cognizable harm. See, e.g., *Castell v. State*, 250 Ga. 776, 781 (2) (b) (301 SE2d 234) (1983); *Floyd v. State*, 263 Ga. App. 42, 43 (587 SE2d 203) (2003).[2]

Jones also contends more generally that the State's late disclosure "prevented [him] from having the necessary time to view the discovery, reflect with deliberation upon the evidence, and to consider how it could best be presented at trial, and to determine how it affect[ed] the overall trial strategy." However, "mere speculation by [Jones] that he might have pursued a different course of action had he received the evidence earlier, is not sufficient." (Citation and punctuation omitted.) *Bertholf*, 224 Ga. App. at 832 (1).

Finally, we point out that this is not a case where the untimely disclosed evidence was incriminatory in nature or "contradicted [the defendant's] planned defense" in a manner that required the defendant to reformulate his trial strategy at the last minute. Compare *Livingston v. State*, 266 Ga. 501, 502-503 (1) (467 SE2d 886) (1996) (State's failure to disclose evidence meant that defense counsel "did not have a meaningful opportunity to examine the evidence *against* [the defendant]") (emphasis supplied); *Baker v. State*, 238 Ga. App. 285, 286 (1) (518 SE2d 455) (1999) (State's untimely disclosure that it planned to introduce evidence of defendant's prior statement that he shot out of self-defense was prejudicial, when it contradicted the defendant's planned defense that he was not the perpetrator of the shooting). Jones' defense was that there was no evidence that placed him at the robbery scene, and that the only witness who could have identified him as a suspect to law enforcement investigators failed to do so, even though she knew him. The evidence of the photographic lineup in no way contradicted Jones' theory of the case. Rather, the photographic lineup evidence disclosed by the detective on cross-examination coincided with and buttressed Jones' theory.

For these reasons, we conclude that Jones has failed to carry his burden of establishing that the State's discovery violation harmed his defense.[3] The trial court did not abuse its discretion in refusing to grant a mistrial.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

---

[2] Although Jones has not framed his claim of error as involving a violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), we find that cases discussing alleged *Brady* violations, such as *Castell* and *Floyd*, are useful to our analysis of whether Jones was harmed by the State's violation of the reciprocal discovery statute in failing to timely disclose potentially exculpatory evidence.

[3] Embedded within his sole enumeration of error, Jones includes the additional argument that the trial court abused its discretion by denying his request to recall Barr for further cross-examination and to introduce the photographs into evidence. For all of the same reasons already discussed, Jones cannot show that the trial court's denial of his request caused him any harm.

DECIDED DECEMBER 7, 2005.

*Reed Edmondson, Jr.*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Melanie B. McCrorey, Assistant District Attorney*, for appellee.